**MICHAEL J. KANE**
**MICHAEL KANE & ASSOCIATES, PLLC**
4355 West Emerald Street, Suite 190
Post Office Box 2865
Boise, Idaho 83701-2865
Telephone: (208) 342-4545
Facsimile: (208) 342-2323
Email: mkane@ktlaw.net
Idaho State Bar No. 2652

ATTORNEYS FOR PAYETTE CITY DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID M. GRANT, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:18-cv-00411-BLW |
| | ) |
| vs. | ) PAYETTE CITY DEFENDANTS' |
| | ) ANSWER TO PLAINTIFF'S |
| BENJAMIN KEY, in his official and individual | ) COMPLAINT AND DEMAND |
| capacities, CITY OF FRUITLAND, a political | ) FOR JURY TRIAL |
| subdivision of the State of Idaho, FRUITLAND | ) |
| CITY POLICE DEPARTMENT, a department | ) |
| of the City of Fruitland, J.D. HUFF, in his | ) |
| individual and official capacity, CITY OF | ) |
| PAYETTE, a political subdivision of the State | ) |
| of Idaho, PAYETTE POLICE DEPARTMENT, | ) |
| a department of the City of Payette, BEN | ) |
| BRANHAM, in his individual and official | ) |
| capacity, DUANE HIGLEY, in his individual | ) |
| and official capacity, MARK CLARK, in his | ) |
| individual and official capacity, JOHN or JANE | ) |
| DOES #1-10, whose true identifies are presently | ) |
| unknown, and other Employees of the City of | ) |
| Fruitland, the City of Payette, or Payette | ) |
| County, | ) |
| | ) |
| Defendants. | ) |
| | ) |

COME NOW Defendants CITY OF PAYETTE, PAYETTE POLICE DEPARTMENT, BEN BRANHAM, DUANE HIGLEY and MARK CLARK (collectively "Payette City Defendants"), by and through their attorney of record, Michael J. Kane of the firm Kane & Associates, PLLC, and for an Answer to Plaintiff's *Complaint and Demand for Jury Trial* (Dkt. 1) ("Complaint") hereby plead as follows:

## FIRST DEFENSE

1.      Plaintiff's Complaint and each and every count thereof, fail to state a claim against these Payette City Defendants upon which relief can be granted.

## SECOND DEFENSE

2.      Payette City Defendants deny each and every allegation in the Plaintiff's Complaint not specifically and expressly admitted herein.

3.      In answer to paragraph 1, of the Plaintiff's Complaint, this is a declaratory statement which requires no response, although Payette City Defendants deny they violated any constitutional rights Plaintiff may possess and further deny any participation in any conspiracy to deny Plaintiff any constitutional protections that he may have

4.      Payette City Defendants admit paragraphs 2 and 3 of the Plaintiff's Complaint.

5.      In answer to paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 of the Plaintiff's Complaint, Payette City Defendants admit the named Defendants hold the identified positions and that the municipalities are municipal entities within the state of Idaho. Payette City Defendants deny that the named Defendants acted in a way to be held liable in either their personal or official capacities.

6.      To the extent that Plaintiff fails to identify specific Defendants which Plaintiff claiming may be liable to him, Payette City Defendants are not able to admit or deny paragraph 14.

7.      In answer to paragraph 15 of the Plaintiff's Complaint, Payette City Defendants lack sufficient knowledge of Plaintiff's mental health or the reason concerning his travel though southwestern Idaho and therefore cannot admit or deny the allegations found in the paragraph.

8.      In answer to paragraph 16 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff was driving in an erratic manner through the City of Payette which brought Plaintiff to the attention of Payette City Police Officer Ben Branham ("Officer Branham"). Payette City Defendants admit that Officer Branham and Payette City Police Officer Duane Higley ("Officer Higley") sought to stop Plaintiff without success.

9.      In answer to paragraph 17 and 18 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff failed to bring his vehicle to a stop upon being given a visual or audible signal to bring his vehicle to a stop, thereby violating Idaho Code § 49-1404. Payette City Defendants further admit that a barrier was erected in the path of Plaintiff's motor vehicle in Fruitland in an attempt to involuntarily stop Plaintiff's motor vehicle, but the Plaintiff went over the barrier and continued driving.

10.     In answer to paragraph 19 of the Plaintiff's Complaint, Payette City Defendants admit that when Plaintiff failed to stop his motor vehicle in violation of Idaho Code § 49-1404, and failed to stop after encountering the barrier, Officer Branham and Officer Higley pursued Plaintiff with siren and lights activated.  Payette City Defendants further admit that Fruitland City Police Officer Benjamin Key ("Officer Key") assumed point as Plaintiff began to leave the

city limits of Fruitland.   Payette City Defendants deny that Officer Branham did not comply with his commanding officer's directions.

11.     In answer to paragraph 20 of the Plaintiff's Complaint, Payette City Defendants admit the video is an accurate rendition of the events that transpired and further admit that the video continues to show Plaintiff failing to stop at the direction of uniformed police officers, displaying audible and visual signals as required by Idaho Code § 49-1404.

12.     In answer to paragraph 21 of the Plaintiff's Complaint, Payette City Defendants lack sufficient knowledge of Plaintiff's mental process to admit or deny why he started to turn onto the westbound freeway off ramp when based upon the Plaintiff's Complaint, he was seeking to head eastbound on Interstate 84.   Payette City Defendants admit that as a result of Plaintiff attempting to turn onto the wrong ramp, he became a potential hazard for other motorists.

13.     In answer to paragraphs, 22, 23, 24 and 25 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff failed to comply with the lawful orders or directions of uniformed peace officers and continued to elude and evade officers.   Plaintiff never stopped his motor vehicle, despite repeated and emphatic commands to do so.   Payette City Defendants further admit that Officer Branham and Officer Higley remained as support officers while Officer Key engaged Plaintiff.

14.     In answer to paragraphs 26 and 27 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff continued to fail to comply with the lawful orders or directions of uniformed peace officers and continued to operate his motor vehicle in an effort to elude and evade uniformed law enforcement in violation of Idaho law.   Plaintiff appeared to ignore orders, disregard commands and continue to operate his motor vehicle in a manner which put the safety of the officers, as well as the public, in danger.

15.     In answer to paragraph 28 of the Plaintiff's Complaint, Payette City Defendants admits that Plaintiff was injured.

16.     In answer to paragraph 29 of the Plaintiff's Complaint, Payette City Defendants defer to Fruitland City Defendants as to what is "clearly and strictly prohibited" under municipal law enforcement established policy.

17.     In answer to paragraph 30 of the Plaintiff's Complaint, Payette City Defendants deny that the force used based upon the totality of the circumstances was unreasonable.

18.     In answer to paragraphs 31, 32 and 33 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff has suffered physical injuries and may suffer economic damages, but deny that these answering Defendants are liable to Plaintiff.

19.     In answer to paragraph 34 of Plaintiff's Complaint, Payette City Defendants deny that any statement given under oath was intentionally false or that a conspiracy exists.

20.     In answer to paragraph 35 of the Plaintiff's Complaint, Payette City Defendants deny that any action nor failure to act on their part caused Plaintiff to suffer loss.

21.     In answer to paragraph 36 of the Plaintiff's Complaint, Payette City Defendants admit that Mark Clark was the Chief of Police for the City of Payette ("Chief Clark") and is the policymaker for the police department.

22.     In answer to paragraph 37 of the Plaintiff's Complaint, Payette City Defendants admit that Chief Clark does have significant authority as to the hiring of Payette City Police Officers, although technically final authority rests in the City Council. The screening and training of potential Payette City police officers is pursuant to Idaho Police Officer Standards and Training regulations, as well as Idaho law.  Payette City Defendants admit that Chief Clark is responsible for the supervision of his police officers.

23.     Paragraph 38 of the Plaintiff's Complaint is a declaratory statement which does not require a response.

24.     In answer to paragraphs 39, 40, 41, 42, 43, 44 and 45 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff is entitled to protections contained within the United States Constitution which includes the Fourth Amendment.  Payette City Defendants deny that any action or inaction by them resulted in a violation of Plaintiff's protected constitutional rights, that their actions caused Plaintiff compensable injury or that Plaintiff was required to engage legal assistance to advance his claim.

25.     Paragraph 46 of the Plaintiff's Complaint is a declaratory statement which does not require a response.

26.     In answer to paragraphs 47, 48, 49, 50, 51, 52 and 53 of the Plaintiff's Complaint, Payette City Defendants admit that Plaintiff is entitled to protections contained within the United States Constitution.  Payette City Defendants deny that any action or inaction by them was done with deliberate or callous indifference to the truth, that resulted in a violation of Plaintiff's protected constitutional rights, that their actions caused Plaintiff compensable injury or that Plaintiff was required to engage legal assistance to advance his claim.

27.     Paragraph 54 of the Plaintiff's Complaint is a declaratory statement which does not require a response.

28.     In answer to paragraphs 55, 56, 57, 58, 59, 60 and 61 of the Plaintiff's Complaint, Payette City Defendants deny that any action or inaction by them that was done in terms of hiring, training or supervision, or implementation of policy, caused Plaintiff compensable injury or that Plaintiff was required to engage legal assistance to advance his claim.

## FIRST AFFIRMATIVE DEFENSE

29.     These Payette City Defendants are immune from liability.

## SECOND AFFIRMATIVE DEFENSE

30.     Defendant City of Payette is not liable for any injury, if any there was, caused by any individual under a theory of *respondeat superior*.

## THIRD AFFIRMATIVE DEFENSE

31.     At no time did there exist between Payette City Defendants, either individually or in concert or with any other person, an agreement, mutual understanding, or meeting of the minds to deprive Plaintiff of his civil rights or otherwise commit a tort against Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

32.     The actions of Payette City Defendants do not rise to the level of deprivation of a constitutionally protected right.

## FIFTH AFFIRMATIVE DEFENSE

33.     The damages and injuries sustained by Plaintiff, if any there were, were directly and proximately caused by the acts and/or omissions of the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

34.     To the extent that any Payette City Defendant may be separately considered a policymaker for official capacity purposes, that Defendant is not liable since no governmental policy, custom or practice led to the deprivation of a constitutional right.

## SEVENTH AFFIRMATIVE DEFENSE

35.     To the extent that punitive damages are claimed, punitive damages are not available against a public official acting in an official capacity.

## EIGHTH AFFIRMATIVE DEFENSE

36.     To the extent that punitive damages are claimed, punitive damages are not available against a public official in his individual capacity because the public official did not

engage in conduct exhibiting an actual malicious intent or with recklessness, serious indifference to, or disregard for the rights of others.  Further, no Defendant acted oppressively as defined in federal law.

### NINTH AFFIRMATIVE DEFENSE

37.     No action or omission by any policymaker based upon the information known to him or her constituted improper ratification that resulted in the deprivation of a constitutional right.

### TENTH AFFIRMATIVE DEFENSE

38.     No supervisor, policymaker or governmental entity was deliberately indifferent to the rights of persons regarding the hiring or training of employees that resulted in the deprivation of a constitutional right.

### ELEVENTH AFFIRMATIVE DEFENSE

39.     No supervisor, policymaker or governmental entity was deliberately indifferent to the rights of persons regarding the supervision, direction or control or discipline of employees that resulted in the deprivation of a constitutional right.

### TWELFTH AFFIRMATIVE DEFENSE

40.     Discovery is continuing and additional affirmative defenses may be discovered. Payette City Defendants seek leave to amend and add additional affirmative defenses as they become learned. This will aid the court and the parties in structuring this lawsuit based upon factual information.

**PAYETTE CITY DEFENDANTS DEMAND A JURY TRIAL.**

WHEREFORE, Defendants, CITY OF PAYETTE, PAYETTE POLICE DEPARTMENT, BEN BRANHAM, DUANE, HIGLEY, and MARK CLARK, having fully answered Plaintiff's Complaint, pray as follows:

1.      Plaintiff's Complaint be dismissed with prejudice as to these answering Defendants;

2.      These answering Defendants be awarded their costs of suit and attorney's fees herein incurred; and,

3.      For such other relief as the Court deems just and equitable in the premises.

DATED this 24th day of October, 2018.

MICHAEL KANE & ASSOCIATES, PLLC

BY:    /s/ *Michael J. Kane*
           Attorneys for Payette City Defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 24th day of October, 2018, I electronically filed the foregoing document with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court's CM/ECF System for this action:

- **Jason R. N. Monteleone**
  jason@treasurevalleylawyers.com; lejla@treasurevalleylawyers.com; sam@treasurevalleylawyers.com; cara@treasurevalleylawyers.com; bruce@treasurevalleylawyers.com; kcnovick@treasurevalleylawyers.com

- **Michael J. Elia**
  mje@melawfirm.net; shawna@melawfirm.net; amber@melawfirm.net

- **Steven R. Kraft**
  steve@melawfirm.net; krista@melawfirm.net

- **Michael J. Kane**
  mkane@ktlaw.net, tpresler@ktlaw.net

                                            /s/ *Michael J. Kane*