Michael J. Elia (ISBN 5044)
Steven R. Kraft (ISBN 4753)
Marisa S. Crecelius (ISBN 8011)
MOORE ELIA KRAFT & HALL, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone:   (208) 336-6900
Facsimile: (208) 336-7031
Email:   mje@melawfirm.net
         steve@melawfirm.net
         marisa@melawfirm.net

*Attorneys for Defendants City of Fruitland, Fruitland City Police,*
   *Benjamin Key and J.D. Huff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID M. GRANT,<br><br>　　　　Plaintiff,<br>vs.<br><br>BENJAMIN KEY, in his official and individual capacities, CITY OF FRUITLAND, a political subdivision of the State of Idaho, FRUITLAND CITY POLICE DEPARTMENT, a department of the City of Fruitland, J.D. HUFF, in his individual and official capacity, CITY OF PAYETTE, a political subdivision of the State of Idaho, PAYETTE POLICE DEPARTMENT, a department of the City of Payette, BEN BRANHAM, in his individual and official capacity, DUANE HIGLEY, in his individual and official capacity, MARK CLARK, in his individual and official capacity, JOHN or JANE DOES #1-10, whose true identities are presently unknown, and other Employees of the City of Fruitland, the City of Payette, or Payette County,<br><br>　　　　Defendants.<br>_____ | Case No. 1:18-cv-00411-CWD<br><br>**DEFENDANTS CITY OF FRUITLAND, FRUITLAND CITY POLICE, BENJAMIN KEY AND J.D. HUFF'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

**DEFENDANTS CITY OF FRUITLAND, FRUITLAND CITY POLICE, BENJAMIN KEY AND J.D. HUFF'S
ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

COME NOW Defendants City of Fruitland, Fruitland City Police, Benjamin Key and J.D. Huff, by and through their counsel Moore Elia Kraft & Hall, LLP, and in answer to Plaintiff's Complaint and Demand for Jury Trial filed September 24, 2018, admit, deny and allege as follows:

## FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

## SECOND DEFENSE

2. These answering Defendants deny each and every allegation of Plaintiff's Complaint not herein expressly and specifically admitted.

3. That the matters contained in paragraph 1 of Plaintiff's Complaint are for the Court to determine and no response is required by these Defendants.

4. With regard to the allegations contained in paragraph 2, these Defendants admit this Court has subject matter jurisdiction.

5. With regard to the allegations contained in paragraph 3, these Defendants admit to personal jurisdiction and venue.

6. With regard to the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of the Plaintiff's Complaint, these Defendants admit the named Defendants hold the identified positions and that the municipalities are municipal entities within the stats of Idaho. These answering Defendants deny that he named Defendants acted in a way to be held liable in either their personal or official capacities.

7. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 and 15 of Plaintiff's Complaint, and therefore deny them at this time.

**DEFENDANTS CITY OF FRUITLAND, FRUITLAND CITY POLICE, BENJAMIN KEY AND J.D. HUFF'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

8. These Defendants admit the allegations contained in paragraphs 16 and 17 of Plaintiff's Complaint.

9. With regard to the allegations contained in paragraph 18 of the Plaintiff's Complaint, these Defendants admit only that after his vehicle was spiked and at least one tire was deflated, Grant did not stop. Grant continued to be pursued by Branham and Higley with lights and siren. These Defendants deny the remaining allegations of paragraph 18.

10. With regard to the allegations contained in paragraph 19 of the Plaintiff's Complaint, these Defendants admit only that after Grant stuck the spike strip Key removed the strip from the street and got into his patrol car and joined the pursuit. These Defendants further admit that approximately 1.5 miles further south on Highway-95, Key overtook the vehicle driven by Branham and became "primary" in the pursuant of Grant. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and therefor deny them at this time.

11. With regard to the allegations contained in paragraph 20 of the Plaintiff's Complaint, these Defendants admit the video depicts the events that transpired, and further admit that the video continues to show Plaintiff failing to stop at the direction of uniformed police officers, displaying audible and visual signals as required by Idaho Code Section 49-1404.

12. With regard to the allegations contained in paragraph 21 of the Plaintiff's Complaint, these Defendants lack sufficient knowledge of Plaintiff's mental process to admit or deny why he started to turn onto the westbound freeway off ramp when based upon the Plaintiff's Complaint, he was seeking to head eastbound on Interstate 84. These Defendants admit that as a result of Plaintiff attempting to turn on the wrong ramp, he became a potential hazard for other motorists.

13. With regard to the allegations contained in paragraphs 22, 23, 24 and 25 of the Plaintiff's Complaint, these Defendants admit that Plaintiff failed to comply with the lawful orders or directions of uniformed peace officers and continued to elude and evade officers. These Defendants further admit that Officer Branham and Officer Higley remained as support officers while Officer Key attempted to engage Plaintiff.

14. With regard to the allegations contained in paragraph 26 and 27 of the Plaintiff's Complaint, these Defendants admit that Plaintiff continued to fail to comply with the lawful orders or directions of uniformed peace officers and continued to operate his motor vehicle in an effort to elude and evade uniformed law enforcement in violation of Idaho law. Plaintiff appeared to ignore orders, disregard commands and continue to operate his motor vehicle in a manner which put the safety of the officers, as well as the public, in danger.

15. With regard to the allegations contained in paragraph 28 of the Plaintiff's Complaint, these Defendants admit only that Plaintiff was injured. These Defendants deny the remaining allegations of paragraph 28.

16. These Defendants deny the allegations contained in paragraphs 29 and 30 of Plaintiff's Complaint.

17. With regard to the allegations contained in paragraphs 31, 32 and 33 of the Plaintiff's Complaint, these Defendants admit that Plaintiff has suffered physical injuries and may suffer economic damages, but deny that these answering Defendants are liable to Plaintiff.

18. These Defendants deny the allegations contained in paragraphs 34 and 35 of Plaintiff's Complaint.

19. With regard to the allegations contained in paragraph 36 of the Plaintiff's Complaint, these Defendants admit that J.D. Huff was and is the Chief of Police for the City of

Fruitland ("Chief Huff") and is the policymaker for the police department.

20. With regard to the allegations contained in paragraph 37 of the Plaintiff's Complaint, these Defendants admit Chief Huff does have significant authority as to the hiring of Fruitland City Police Officers, although technically final authority rests in the City Council. The screening and training of potential Fruitland City police officers is pursuant to Idaho Police Officers Standards and Training regulations, as well as Idaho law. These answering Defendants admit that Chief Huff is responsible for the supervision of his police officers.

21. As to the allegations contained in paragraph 38, these Defendants reallege their responses to paragraphs 1 through 37 and incorporate the same by reference as applicable and as if fully set forth herein.

22. These Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

23. That the matters contained in paragraph 40 of Plaintiff's Complaint are for the Court to determine and no response is required by these Defendants.

24. These Defendants deny the allegations contained in paragraphs 41, 42, 43, 44 and 45 of Plaintiff's Complaint.

25. As to the allegations contained in paragraph 46, these Defendants reallege their responses to paragraphs 1 through 45 and incorporate the same by reference as applicable and as if fully set forth herein.

26. These Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

27. That the matters contained in paragraph 48 of Plaintiff's Complaint are for the Court to determine and no response is required by these Defendants.

28. These Defendants deny the allegations contained in paragraphs 49, 50, 51, 52 and 53 of Plaintiff's Complaint.

29. As to the allegations contained in paragraph 54, these Defendants reallege their responses to paragraphs 1 through 53 and incorporate the same by reference as applicable and as if fully set forth herein.

30. These Defendants deny the allegations contained in paragraphs 55, 56, 57, 58, 59, 60 and 61 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

That at the time of filing this Answer, these Defendants have not been able to engage in discovery and lack information sufficient to form a belief as to all of those affirmative defenses that might apply in this instance. At this time, pursuant to Rule 12 of the Federal Rules of Civil Procedure, these Defendants assert the following affirmative defenses so that the same are not waived. If actual information is not developed sufficient to assert any specific defense, the affirmative defense in question will be withdrawn.

The foregoing defenses are applicable, or appropriate, to any and all of Plaintiff's claims for relief. In asserting these defenses, these Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that by reason of the denials and/or by reason of relevant statutory or judicial authority, the burden of proving the facts relevant to many of the defenses and/or burden of proving the inverse to the allegations contained in many defenses is upon the Plaintiff. These Defendants do not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically deny any and all allegations of responsibility and liability set forth in Plaintiff's Complaint.

These Defendants have considered and believe that they may have additional defenses to Plaintiff's Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, these Defendants reserve the right to supplement their Answer and add additional affirmative defenses as discovery in this case progresses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in whole or in part for failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims sound in equity, Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived the right, and/or is estopped to assert the various claims and causes of action alleged against these answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against these answering Defendants herein fail to make out a case for actual participation in unlawful conduct.

## FIFTH AFFIRMATIVE DEFENSE

The alleged actions of these Defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right.

## SIXTH AFFIRMATIVE DEFENSE

These answering Defendants allege they are not liable for an injury caused by the act or omission of another person under a theory of respondeat superior.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all actions alleged against these Defendants are protected by the doctrines of qualified or absolute immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are invalid for failure to allege or prove damages which are the result of an unconstitutional policy or custom.

### NINTH AFFIRMATIVE DEFENSE

At no time did these answering Defendants act in concert or intentionally act to deprive the Plaintiff of his civil rights.

### TENTH AFFIRMATIVE DEFENSE

Any and all conduct of these Defendants with respect to matters alleged was justifiable, reasonable, authorized by law and performed in good faith with a belief that such acts were proper, legal and appropriate.

### ELEVENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has made claims against these answering Defendants under 42 U.S.C. §§ 1983, such claims are invalid to the extent that they are brought against their official capacity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the failure to file a timely or sufficient tort claim, Idaho Code § 6-906, et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the principles of *Heck v. Humphrey*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Fruitland Police fail as the police department is not a separate legal entity or person.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are invalid for failure to allege or prove damages which are the result of an unconstitutional policy or custom.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were proximately caused by the superseding, intervening negligence, and admissions or actions of other third persons, and any negligence or breach of duty on the part of these Defendants, if any, was not a proximate cause of the alleged loss to Plaintiff. In asserting this defense, these Defendants do not admit any negligence or blameworthy conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These Fruitland Defendants are immune from liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The damages and injuries sustained by Plaintiff, if any there were, were directly and proximately caused by the acts and/or omissions of the Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that any Fruitland Defendants may be separately considered a policymaker for official capacity purposes, these answering Defendants are not liable since no governmental policy, custom or practice led to the deprivation of a constitutional right.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that punitive damages are claimed, punitive damages are not available against a public official acting in an official capacity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that punitive damages are claimed, punitive damages are not available against a public official in his individual capacity because the public official did not engage in conduct exhibiting an actual malicious intent or with reckless, serious indifference to, or disregard for the rights of others.   Further no Defendant acted oppressively as defined in federal law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

No action or omission by any policymaker based upon the information known to him or her constituted improper ratification that resulted in the deprivation of a constitutional right.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

No supervisor, policymaker or governmental entity was deliberately indifferent to the rights of persons regarding the hiring or training of employees that resulted in the deprivation of a constitutional right.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

No supervisor, policymaker or governmental entity was deliberately indifferent to the rights of persons regarding the supervision, direction or control or discipline of employees that resulted in the deprivation of a constitutional right.

**WHEREFORE**, these answering Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff takes nothing by this action, that Judgment be entered in favor of these Defendants and against Plaintiff, and that these Defendants are awarded their costs of suit and attorney fees, and such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

These answering Defendants demand a trial by jury on Plaintiff's Complaint, on all issues, claims and defenses so triable, pursuant to the Constitution and laws of the United States and the State of Idaho.

DATED this 11th day of December, 2018.

                        MOORE ELIA KRAFT & HALL, LLP

                        By: /s/ Michael J. Elia_____
                           Michael J. Elia, of the firm
                           *Attorneys for Defendants City of Fruitland, Fruitland City Police, Benjamin Key and J.D. Huff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2018, I caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jason R.N. Monteleone<br>Johnson & Monteleone, L.L.P.<br>350 N. 9th St., Ste. 500<br>Boise, Idaho 83702<br>*Attorneys for Plaintiff* | __x__ ECF service |
| Michael W. Kane<br>Michael Kane & Associates, PLLC<br>4355 West Emerald Street, Suite 190<br>P.O. Box 2865<br>Boise, Idaho   83701-2865<br>*Attorneys for Defendant Payette City Defendants* | __x__ ECF service |

/s/ Michael J. Elia_____
Michael J. Elia