Michael J. Elia (ISBN 5044)
Steven R. Kraft (ISBN 4753)
Amber Goeden (ISBN 10536)
MOORE ELIA KRAFT & HALL, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone:   (208) 336-6900
Facsimile: (208) 336-7031
Email:   mje@melawfirm.net
         steve@melawfirm.net
         amber@melawfirm.net

*Attorneys for Defendants City of Fruitland, Fruitland City Police Department,
    Benjamin Key and J.D. Huff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID M. GRANT,<br><br>　　　　　Plaintiff,<br>vs.<br><br>BENJAMIN KEY, in his official and individual capacities, CITY OF FRUITLAND, a political subdivision of the State of Idaho, FRUITLAND CITY POLICE DEPARTMENT, a department of the City of Fruitland, J.D. HUFF, in his individual and official capacity, CITY OF PAYETTE, a political subdivision of the State of Idaho, PAYETTE POLICE DEPARTMENT, a department of the City of Payette, BEN BRANHAM, in his individual and official capacity, DUANE HIGLEY, in his individual and official capacity, MARK CLARK, in his individual and official capacity, JOHN or JANE DOES #1-10, whose true identities are presently unknown, and other Employees of the City of Fruitland, the City of Payette, or Payette County,<br><br>　　　　　Defendants.<br>_____ | Case No. 1:18-cv-00411-CWD<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

**STIPULATION FOR PROTECTIVE ORDER – 1**

COME NOW, Defendants City of Fruitland, Fruitland City Police Department, Benjamin Key and J.D. Huff, by and through their counsel of record, Michael J. Elia, of the law firm of Moore Elia Kraft & Hall, LLP, Defendant Payette City, by and through its counsel of record, Michael W. Kane, of the firm Michael Kane & Associates, PLLC, and the Plaintiff, David Grant, by and through his counsel of record, Jason Monteleone of the firm Johnson & Monteleone, L.L.P., and hereby stipulate and agree to the entry of a Protective Order in the above-entitled matter, pursuant to Federal Rule of Civil Procedure 26(c), in the form attached hereto, to govern the designation, disclosure and use of protected information, and documents by the parties in this action.

DATED this 12th day of December, 2019.

MOORE ELIA KRAFT & HALL, LLP

By:/s/ Michael J. Elia
Michael J. Elia, of the firm
*Attorneys for Defendants City of Fruitland, Fruitland City Police Department, Benjamin Key and J.D. Huff*

DATED this 12th day of December, 2019.

Michael Kane & Associates, PLLC

By:/s/ Michael W. Kane
Michael W. Kane
Attorneys for Payette City Defendants

DATED this 12th day of December, 2019.

Johnson & Monteleone, LLP

By:/s/ Jason Monteleone
Jason Monteleone
Attorneys for Plaintiff

**STIPULATION FOR PROTECTIVE ORDER – 2**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December, 2019, I caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jason R.N. Monteleone<br>Johnson & Monteleone, L.L.P.<br>350 N. 9th St., Ste. 500<br>Boise, Idaho 83702<br>*Attorneys for Plaintiff* | __x__ ECF service<br>Jason@treasurevalleylawyers.com |
| Michael W. Kane<br>Michael Kane & Associates, PLLC<br>4355 West Emerald Street, Suite 190<br>P.O. Box 2865<br>Boise, Idaho   83701-2865<br>*Attorneys for Payette City Defendants* | __x__ ECF service<br>mkane@ktlaw.net |

/s/ Michael J. Elia_____
Michael J. Elia

**STIPULATION FOR PROTECTIVE ORDER – 3**

Michael J. Elia (ISBN 5044)
Steven R. Kraft (ISBN 4753)
Amber Goeden (ISBN 10536)
MOORE ELIA KRAFT & HALL, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone:   (208) 336-6900
Facsimile: (208) 336-7031
Email:   mje@melawfirm.net
           steve@melawfirm.net
            amber@melawfirm.net

*Attorneys for Defendants City of Fruitland, Fruitland City Police Department, Benjamin Key and J.D. Huff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID M. GRANT, | Case No. 1:18-cv-00411-CWD |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| BENJAMIN KEY, in his official and individual capacities, CITY OF FRUITLAND, a political subdivision of the State of Idaho, FRUITLAND CITY POLICE DEPARTMENT, a department of the City of Fruitland, J.D. HUFF, in his individual and official capacity, CITY OF PAYETTE, a political subdivision of the State of Idaho, PAYETTE POLICE DEPARTMENT, a department of the City of Payette, BEN BRANHAM, in his individual and official capacity, DUANE HIGLEY, in his individual and official capacity, MARK CLARK, in his individual and official capacity, JOHN or JANE DOES #1-10, whose true identities are presently unknown, and other Employees of the City of Fruitland, the City of Payette, or Payette County, | |
| Defendants. | |

**PROTECTIVE ORDER – 1**

Pursuant to Federal Rule of Civil Procedure 26(c) and the *Stipulation for Protective Order* submitted by the parties for good cause showing, IT IS HEREBY ORDERED as follows:

1. That this Protective Order shall govern the designation, disclosure and use of protected information by the parties in this action, including any and all personal and/or identifying information related to current employee of Defendant Fruitland City Police Department, Defendant Benjamin Key. This includes, but is not limited to, records exempt from disclosure pursuant § 74-101 et seq.

2. In this Protective Order, the term "protected information" shall mean information designated as protected by a party pursuant to this Protective Order. Information so designated may be all or part of a document or thing, testimony, interrogatory answer, admission, or other form of evidence or discovery.

3. A party may designate as protected information any information or thing that said party believes in good faith constitutes or embodies information intended to be protected by this Order as set forth in Paragraph 1 above.

4. Protected information shall be designated by the following procedure:

(a) When a document to be produced for inspection contains protected information, the producing party shall notify the inspecting party. A document produced for inspection for which such notice has been given shall be inspected only by persons authorized in accordance with Paragraph 7 of this Protective Order.

(b) When a requesting party seeks a copy of a document, the producing party shall designate the copy as containing protected information by stamping the first page of the copy and each page of the copy that contains such information.

**PROTECTIVE ORDER – 2**

(c) When deposition testimony contains protected information, any attorney of record authorized pursuant to Paragraph 7 herein may designate said testimony as containing protected information by notifying others present at the deposition. The court reporter shall then mark each page of the transcript that contains protected information. If no such designation is made at the time the deposition is taken, the transcripts and exhibits shall not be deemed to contain protected information.

(d) When a response to an interrogatory or request for admission contains protected information, the response shall be designated as such by stamping the first page of the document and those additional pages containing protected information.

5. Any protected information or any document incorporating protected information that is filed or lodged with the Court must do so under seal, pursuant to Federal Rules of Civil Procedure 5.2 and District Local Rule Civ. 5.3.

7. Protected information may be disclosed <u>only to</u>:

(a) Any party, and any attorney representing a party in this action, who has read this Protective Order, and agrees to be bound by it, and has signed the acknowledgment attached hereto as Appendix A, and any other person assisting such an attorney, employed by the same law firm or organization as the attorney, and for whom access to confidential information is necessary to perform a duty with respect to this action. The execution of this Protective Order by any member of a law firm or organization shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order.

(b) Any expert or consultant qualified to have access to protected information as provided in Paragraph 8 of this Protective Order.

**PROTECTIVE ORDER – 3**

    (c) Any personnel of the Court and court reporters retained to record and transcribe testimony in this action.

    (d) Any employee of the party that produced the protected information.

    (e) Any person who authored or received the protected information prior to its designation in this action as protected information.

    (f) Any person, if the protected information is publicly disclosed by the party that designated the protected information.

    (g) Personnel of photocopy firms and/or graphics firms who subscribe to and agree to be bound by the terms of this Protective Order and who have executed an acknowledgment form similar to Appendix A hereto. Only documents needed to be copied will be provided to said individuals.

  8. Either party may designate experts or consultants, who are not regular employees of either party, and who may have access to protected information. An expert or consultant shall qualify for access to such information as follows:

    (a) The party seeking to disclose protected information shall first have said expert or consultant complete and sign an acknowledgment form, shown as Appendix B to this Protective Order.

    (b) When a corporation or other organization is engaged as an expert or consultant by a party or its counsel of record, said corporation or organization may become qualified to review protected information under this Protective Order only upon the qualification of each natural person within such organization or corporation who has access to protected information.

  9. Either party may only introduce protected information into evidence or otherwise disclose such information in open Court proceedings upon consent of the designating party or

**PROTECTIVE ORDER – 4**

permission of the Court.

10. The substance or contents of any protected information, as well as any notes, abstracts, copies, summaries and memoranda relating thereto, shall not be disclosed to or accessible by anyone other than a person qualified to obtain protected information pursuant to this Protective Order.

11. All materials produced in discovery, including but not limited to protected information, shall be used solely in preparation for trial and/or appeal of this action, and shall not be used or disclosed at any other time or for any other purpose whatsoever.

12. It shall be the duty and responsibility of counsel of record to ensure that documents or things containing protected information subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review protected information under this Protective Order. Counsel of record shall be directly responsible to the court for fulfilling this responsibility.

13. The inadvertent or unintended disclosure by a party of protected information shall not be deemed a waiver in whole or in part of a subsequent claim of protection under this Protective Order, either as to the specific information disclosed or as to any other such information, provided that the inadvertent or unintended disclosure is promptly identified by the disclosing party and notice of the claim of protection is given to the other party.

14. A party shall not be obligated to challenge the propriety of any designation of protected information at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation. If a party objects to any designation of such information the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute

**PROTECTIVE ORDER – 5**

cannot be resolved informally, the designating party may seek appropriate relief from this Court.

15. Within thirty (30) days after the termination of this action, upon written request by the designating party, the originals and all copies of protected information shall be destroyed or returned to the party that produced such information, or to its attorney, except that one copy of such information may be retained in the files of each attorney. Any information so retained shall be maintained pursuant to this Protective Order, and by retaining this information each attorney agrees to the continuing jurisdiction of this Court for purposes of enforcing this Protective Order. The designating party that seeks the return or destruction of protected information shall be responsible for reimbursing the other party for the actual costs incurred in destroying or returning the protected information.

16. Should any party, or person qualified to obtain protected information hereunder, or their agents or representatives, receive any request for information, whether through formal compulsory process or lawful authority of the court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for all parties hereto in order to allow said party or parties to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith. Absent a ruling from the appropriate court or tribunal on said motion, the person or party receiving the aforesaid request for information or compulsory process shall not produce in response thereto and shall thereafter do so only insofar as the court or tribunal may direct.

17. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the court shall retain jurisdiction for enforcement of this order.

**PROTECTIVE ORDER – 6**

18.     As an alternative to filing a document or information, in its entirety, under seal as set forth in this Order, either party may choose to redact those particular portions of the document or information containing such personal and/or identifying information related to Plaintiffs, as long as such redactions do not substantially alter the meaning of the document or information.

19.     Either party may seek additional protection or disclosure with respect to protected information as that party may consider appropriate.

20.     Either party may request the modification of this Protective Order upon a showing of good cause.

DATED this _____ day of December, 2019.

_____
Honorable Candy W. Dale
United States Magistrate Judge

**PROTECTIVE ORDER – 7**